IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **CONTRACTORS, LABORERS, TEAMSTERS AND ENGINEERS PENSION PLAN; CONTRACTORS, LABORERS, TEAMSTERS AND ENGINEERS HEALTH AND WELFARE PLAN; LABORERS INTERNATIONAL UNION OF NORTH AMERICA, LOCAL NO. 1140; CONTRACTORS-LABORERS APPRENTICESHIP TRAINING FUND; INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 571; NEBRASKA OPERATING ENGINEERS APPRENTICESHIP AND TRAINING FUND; RON KAMINSKI, ROD MARSHALL, KIM QUICK, TIM McCORMICK, RON FUCINARO and ROBERT HAYWORTH, TRUSTEES OF THE HEALTH, WELFARE AND PENSION FUNDS,** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **CASE NO. 8:08CV490**<br><br>**ORDER** |
| **Plaintiffs,** | ) ) | |
| vs. | ) ) | |
| **G & G TRENCHING, INC.,**<br>a Nebraska Corporation, | ) ) ) ) | |
| **Defendant.** | ) | |

  This matter is before the Court on the Plaintiffs' motions for an extension of time to file a notice of appeal (Filing No. 42) and for reconsideration (Filing No. 40). In the motion for reconsideration, the Plaintiffs move the Court to reconsider its August 10, 2009, Judgment (Filing No. 37) and findings of fact and conclusions of law (Filing No. 36). For the reasons set forth below, the Plaintiffs' motion for extension of time will be granted and the Plaintiffs' motion to reconsider will be denied.

**MOTION TO RECONSIDER**

I.  **Standard of Review**

NECivR 60.1(c) provides:

Motions for reconsideration are disfavored, and the court will ordinarily deny them without a showing of (1) manifest error in the prior ruling or (2) new facts or legal authority, neither of which could have been brought to the court's attention earlier with reasonable diligence.

II. **Discussion**

The Plaintiffs argue that the findings of fact and conclusions of law created a manifest injustice because the Plaintiffs were prevented from recovering from Defendant G&G Trenching, Inc. ("G&G") on specific performance claims for certain training-fund obligations. The Court disagrees. As stated in the conclusions of law, the pretrial order did not include the issue of whether Plaintiffs were entitled to contributions from G&G for training funds. (Filing No. 22.) Therefore, the Court deems any claim as to training fund contributions waived. *See Hartman v. Workman*, 476 F.3d 633, 635 n.3 (8th Cir. 2007) (the issues stated in the pretrial order supersede those stated in the complaint).

The Plaintiffs also argue that their training-fund claims should have been considered because that theory of liability could have been "embraced" by the order's language, and because evidence of G&G's compliance with its training fund contribution obligations was submitted without objection. In support of this argument, Plaintiffs cite *In re Papio Keno Club, Inc.*, 262 F.3d 725, 729-30 (8th Cir. 2001). In *Papio Keno Club*, the pretrial order did not precisely state as an issue whether the City of Papillion retained proceeds on a letter of credit as unlawful liquidated damages. *Id.* at 729. The Eighth Circuit determined that, when construed liberally, the pretrial order preserved the liquidated damages issue

because it listed "whether the City demanded funds under the letter of credit to cover liquidated damaged and whether the City was entitled to the liquidated damages under the contract." *Id.*

*Papio Keno Club* is distinguishable from this case. In the present case, the pretrial order does not contain language that, even construed liberally, preserved the issue of G&G's training fund compliance. No language in the order refers to the training funds, G&G's obligation to contribute to them, or in any way references Plaintiffs' claim as to the training funds. Thus, the Court finds that the Plaintiffs waived the claim by not including it in the pretrial order. After carefully reviewing the Plaintiffs' motion, the Court finds no manifest error meriting reconsideration. Therefore, the Plaintiffs' motion to reconsider is denied.

## MOTION FOR EXTENSION OF TIME

Plaintiffs move the Court for an extension of time to file an appeal based on the pendency of their motions to reconsider and for attorney fees. The motion for attorney fees is pending. G&G's counsel represented that G&G does not object to an extension of time. Accordingly, the Plaintiffs' motion to extend time to file an appeal is granted. The Plaintiffs' deadline to file a notice of appeal will be extended to 30 days from the date of the filing of the Court's order disposing of the Plaintiffs' motion for attorney fees. Fed. R. Civ. P. 58(e); Fed. R. App. P. 4(a)(4)(iii).

IT IS ORDERED:

1. The Plaintiffs' motion for reconsideration (Filing No. 40) is denied;

2. The Plaintiffs' motion for an extension of time to file an appeal (Filing No. 42) is granted; and

3.  The Plaintiffs must file any notice of appeal within 30 days of the Court's order disposing of Plaintiffs' motion for attorney fees.

DATED this 9th day of September, 2009.

        BY THE COURT:

        s/Laurie Smith Camp
        United States District Judge